THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONNA HAASE,                          :
                                      :
            Plaintiff,                :
      v.                              :        3:16-CV-1480
                                      :        (JUDGE MARIANI)
CAROLYN W. COLVIN,                    :
ACTING COMMISSIONER OF                :
SOCIAL SECURITY,                      :
                                      :
            Defendant.                :

## OPINION AND ORDER

Presently before the Court is Magistrate Judge Carlson's Report and

Recommendation ("R&R") (Doc. 14) recommending that the appeal of Plaintiff Donna

Haase from the decision of an Administrative Law Judge denying her application for social

security disability benefits, be denied. Plaintiff has filed Objections (Doc. 15), to which

Defendant filed a response (Doc. 16). For the reasons that follow, the Court will overrule

Plaintiff's Objections and adopt the pending R&R.

A District Court may "designate a magistrate judge to conduct hearings, including

evidentiary hearings, and to submit to a judge of the court proposed findings of fact and

recommendations for the disposition" of certain matters pending before the Court. 28

U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate

Judge's Report and Recommendation, the District Court "shall make a *de novo*

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Plaintiff argues in her Objections that substantial evidence does not support (1) the ALJ's RFC assessment (Doc. 15, at 1-3) or (2) the ALJ's credibility assessment (*id.* at 3-5). Although each of Plaintiff's Objections are largely, if not entirely, conclusory and without legal or factual support, the Court will briefly address them in turn.

With respect to the ALJ's RFC assessment, and the Magistrate Judge's analysis thereof, Plaintiff argues that the Magistrate Judge erred in "fail[ing] to consider that the VE did not describe the experience that formed his opinion." (*Id.* at 2). In support of this argument, Plaintiff strangely relies exclusively on Seventh Circuit case law. However, as explained by the Defendant, the Third Circuit has largely departed from the Seventh Circuit's reasoning with respect to whether, and when, a VE must describe the experience forming the basis of his or her opinion. (Doc. 16, at 2-3). *See, Welsh v. Comm'r of Soc. Sec.*, 662 F.App'x 105, 109-110 (3d Cir. 2016).[1] Plaintiff's argument is thus without merit.

---

[1] In *Welsh*, the Third Circuit explained:

To the extent Welsh takes issue with the ALJ's refusal to allow his counsel to question the vocational expert specifically about how she used her personal work experience to determine the number of available jobs in the area, we also find this argument unavailing. In support of his argument, Welsh directs us to *Donahue v. Barnhart*, a case in which the Seventh Circuit held that if the basis for a vocational expert's conclusions is questioned, "the ALJ should make an inquiry (similar though not necessarily identical to that of [Federal Rule of Evidence] 702) to find out whether the purported expert's conclusions are reliable." 279 F.3d 441, 446 (7th Cir. 2002). The Seventh Circuit's requirement, however, "has not been a popular export." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 449 (2d Cir. 2012) (citing several unpublished district court decisions disagreeing with *Donahue*). We have not adopted it, nor has any court outside the Seventh Circuit. *See id.* And with good

Plaintiff also argues that the ALJ's RFC assessment is not supported by substantial

evidence as demonstrated by the Magistrate Judge's purported failure "to address how the

ALJ considered Haase's obesity in combination with her impairments namely degenerative

disc disease and lumbar spondylolisthesis with radiculopathy." (Doc. 15, at 3). However,

Plaintiff's assertion misrepresents the scope of the Magistrate Judge's analysis. Rather, the

Magistrate Judge explained:

> Next, the plaintiff argues that the ALJ failed adequately to consider her
> obesity – or to consider the combination of her obesity and back impairments
> – in making his RFC determination. (Pl. Br. at 14-15.) This argument is belied
> by the record, where the ALJ specifically found that the plaintiff's obesity was
> a severe impairment, (Tr. 28.), and he discussed her elevated BMI in the
> context of an overall assessment of the medical record. (Tr. 31-33.) We
> agree that the ALJ's discussion did not focus substantially or at length on the
> plaintiff's obesity, but we do not find that the relatively limited focus on the
> plaintiff's obesity renders the decision infirm because the ALJ's assessment
> of the plaintiff's RFC is plainly based on the plaintiff's overall medical profile
> and the opinions of medical professionals who were aware of her weight and
> other impairments. . . .
>
> Notably, in her testimony in response to questions from her attorney, and in
> her answers to the ALJ's question, the plaintiff never explained in any way
> how her obesity impaired her ability to work. Instead, the only mention in her
> testimony is that her weight of 230 pounds was her "normal weight". (Tr. 53.)
> The medical evidence upon which the ALJ relied includes some mention of
> the plaintiff's weight, but does not otherwise focus on this condition as

reason, as the governing statute provides by its terms that "[e]vidence may be received at
any hearing before the Commissioner of Social Security even though inadmissible under
rules of evidence applicable to court procedure." 42 U.S.C. § 405(b)(1); *see also Bayliss v.
Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A [vocational expert's] recognized
expertise provides the necessary foundation for his or her testimony. Thus, no additional
foundation is required."). Accordingly, we reject Welsh's argument and conclude the ALJ
did not err in accepting, without further probing, the vocational expert's testimony.

*Welsh v. Comm'r of Soc. Sec.*, 662 F.App'x 105, 109-110 (3d Cir. 2016).

causing particular limitations on the plaintiff aside from her other serious medical conditions such as her lower back pain, hypersomnia, and sleep apnea. Moreover, other than to argue generally that the ALJ erred by failing to discuss the plaintiff's obesity in depth, the plaintiff does not persuasively argue that there was any evidence in the record that would have shown the plaintiff's functional limitations were caused or aggravated by her obesity, or that she experienced other limitations as a result that were not adequately accounted for in the RFC. . . . The ALJ's treatment of the plaintiff's obesity was not erroneous and the plaintiff has not offered a persuasive argument as to how her obesity caused other or more severe limitations than were already accounted for in the RFC that the ALJ determined.

(Doc. 14, at 25-27)(internal citations and quotations omitted). While Plaintiff complains that

the Magistrate Judge failed "to address how the ALJ considered Haase's obesity in

combination with her impairments", Plaintiff fails to point to any evidence in the record which

should have yielded a different finding by the ALJ or the Magistrate Judge, and she

continues to fail to offer any "persuasive argument as to how her obesity caused other or

more severe limitations than were already accounted for in the RFC that the ALJ

determined." As Defendants properly note, "[t]o date, Plaintiff has declined to identify

specific functional limitations that would change if the ALJ had addressed this issue any

differently." (Doc. 16, at 4).

With respect to the R&R's analysis of the ALJ's credibility assessment, Plaintiff

asserts that while the Magistrate Judge "argues that Haase improved with treatment[,] . . .

having an improved condition does not mean that the claimant is not disabled." (Doc. 15, at

3). Although Plaintiff cites several cases in support of her position, Plaintiff does not apply

the case law to the facts of this action and fails to explain how the Magistrate Judge erred

4

when reviewing the ALJ's decision. Rather, Plaintiff raised this same argument before the

Magistrate Judge when asserting that the ALJ erred in his assessment of her credibility. As

Magistrate Judge Carlson explained when addressing this argument:

> The plaintiff first argues that the ALJ's assessment of her credibility regarding the severity of her pain and limitations was legally improper because it was based too much upon evidence in the record showing improvement she experienced through treatment. (Pl. Br. at 17.) The plaintiff is essentially arguing that the ALJ considered evidence of improvement without also assessing her ongoing conditions and limitations, thus cherry picking isolated evidence of modest improvement in a way that disregarded other evidence of ongoing difficulty.
>
> Upon consideration of the ALJ's opinion, we disagree. The ALJ referred to multiple instances of the plaintiff's documented improvement with respect to her gait and mobility and her improved neurological examinations in the context of a decision that thoroughly documented the plaintiff's medical history. (Tr. 28-35.) In contrast, the plaintiff does no more than obliquely argue that the ALJ failed to consider her ongoing conditions and limitations; but she nowhere cites to any symptoms or other specific conditions that the ALJ purportedly overlooked or ignored when he relied upon improvement with treatment. (Pl. Br. at 17-18.)
>
> In making similar arguments that the ALJ failed adequately to consider the side effects caused by her medications, the plaintiff ignores the fact that the ALJ also cited to her own testimony regarding her activities of daily living and the findings of her medical care providers. Moreover, the plaintiff again does not identify any functional limitations that the ALJ actually ignored in his assessment of the evidence; she merely argues generally that his consideration of the evidence was incomplete.

(Doc. 14, at 27-28). The Court agrees with this analysis set forth in the R&R, and in light of

Plaintiff's failure to offer any substantive argument as to how the ALJ or Magistrate Judge

erred on this issue, declines to further address Plaintiff's unsupported assertion.

Plaintiff also argues that "[i]t is unclear [ ] why Haase would stop working given the great income she was earning, if not unable to work as alleged." (Doc. 15, at 4). This same argument was raised, and addressed, by the Magistrate Judge. (See Doc. 14, at 28-29). Citing a number of cases from courts within the Third Circuit, the Magistrate Judge accurately explained that a "[r]eview of the case law in this field does not support this plaintiff's assertion that her long work history is entitled to great or controlling weight" and instead, "a plaintiff's work history is simply one factor among many that bear upon her credibility . . . ." (Doc. 14, at 28-29). In response, Plaintiff does not explain why she believes the R&R is incorrect, or point this court to any case law within this Circuit in support of her position, instead only citing to an Illinois District Court case with limited applicability to the present matter. The Court therefore finds no basis for overruling the Magistrate Judge's findings.

Finally, again citing to only one Seventh Circuit case in support of her position, Plaintiff asserts that "the Magistrate Judge failed to consider the overlay of Haase's physical and mental impairments." (Doc. 15, at 4). Despite this argument, Plaintiff does not cite to any portion of the administrative record or any specific evidence that was purportedly overlooked or ignored by either the ALJ or the Magistrate Judge or explain how such evidence, if it existed, would demonstrate the lack of substantial evidence to support the ALJ's assessment. Instead, a review of the record demonstrates that the Magistrate Judge thoroughly reviewed the administrative record, including but not limited to the medical

6

reports, clinical findings, and Plaintiff's own testimony, in recommending to this Court that substantial evidence supported the ALJ's findings.

ACCORDINGLY, THIS __14th__ DAY OF NOVEMBER, 2018, upon *de novo* review of Magistrate Judge Carlson's R&R (Doc. 14), Plaintiff's Objections thereto (Doc. 15), Defendant's Response (Doc. 16), and all other supporting and opposing briefs and documentation, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 14) is **ADOPTED** for the reasons discussed therein.

2. Plaintiff's Objections (Doc. 15) are **OVERRULED** for the reasons discussed herein.

3. Plaintiff's Appeal is **DENIED**.

4. The Commissioner of Social Security's decision is **AFFIRMED**.

5. The Clerk of Court is directed to **CLOSE** this case.

Robert D. Mariani
United States District Judge